UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WALKER MCCASLIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>P.L. VASQUEZ,<br><br>　　　　Respondent. | No.  2:12-cv-0832-AC (HC)<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The parties have consented to this court's jurisdiction.  <u>See</u> Consents filed April 16, 2012 (ECF No. 4) and October 12, 2012 (ECF No. 12).  Petitioner challenges his 2006 conviction in the Trinity County Superior Court on charges of assault on a peace officer, resisting arrest, driving under the influence with a prior conviction for driving under the influence, driving with a suspended license, and resisting, obstructing, or delaying a peace officer in the performance of his duties.  Petitioner claims that his constitutional rights were violated by (1) the trial court's denial of his motion to proceed without the assistance of counsel pursuant to <u>Faretta v. California</u>, 422 U.S. 806 (1975), and (2) conviction for resisting arrest on the basis of insufficient evidence.  Upon careful consideration of the record and the applicable law, the undersigned will deny petitioner's application for habeas corpus.

////

////

FACTS[1]

Deputy Kyle Lovelady was on patrol one night when he saw a green Pontiac with an expired registration tab and made an enforcement stop. Deputy Danielle Harris was on duty in a separate car and also stopped. Defendant was driving the Pontiac, accompanied by his dog. Defendant had no license, but gave Lovelady his California identification card. Defendant was agitated and asked, "Why are you fucking with me?" Harris noticed defendant smelled of alcohol and had red, watery eyes. Suspecting defendant was under the influence, Lovelady had Harris call the CHP for a DUI turnover.[2]

A white female was walking nearby and Harris made contact with her. Meanwhile, defendant kept trying to get out of his car, once leaving to chase down his dog. Lovelady told defendant to stay in the car. Finally, defendant said, "Fuck this," slammed his door shut, and started his car. Lovelady ran to the car, opened the driver's door, and grabbed defendant's arm to remove him from the car. Defendant stepped on the accelerator. Lovelady took a few steps forward with the car but he was losing his balance. He let go of defendant and fell to the ground, trying to get out of the way of the car. Lovelady hurt his left hand and left knee in the fall. He still had pain in his knee at the time of trial.

Harris asked Lovelady if he was okay and Lovelady told her to go after defendant. As Harris ran to her car, CHP Officers Ferguson and Keffer arrived and saw Harris pointing toward a cloud of dust. The car in that dust turned on Mariposa and was accelerating rapidly. The CHP officers activated the lights and siren and followed. When they turned on Mariposa, they saw defendant had stopped, left his car, and was running into a yard. The CHP stopped as defendant was about to climb a fence. Ferguson ordered defendant to stop and Keffer threatened to use a taser. Defendant stopped and was arrested.

At the jail defendant took a breath test. The test was administered three times and the results showed a blood alcohol level of .12 percent, .09 percent, and .10 percent.

A jury convicted defendant of assault with a deadly weapon on a peace officer (Pen. Code, § 245, subd. (c)), resisting an executive officer (Pen. Code, § 69), driving under the influence of alcohol with a previous DUI conviction (Veh. Code, §§ 23152, subd. (a), 23550, 23550.5), driving with a blood alcohol level of .08 percent or more with a previous DUI conviction (Veh. Code, §§ 23152, subd. (b), 23550, 23550.5), and resisting a peace officer (Pen. Code, §148, subd. (a)(1)). Defendant pled guilty to driving with a suspended license (Veh. Code, § 14601.2,

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. McCaslin, No. C065788 (April 5, 2011), a copy of which is attached to the petition (ECF No. 6 at 28-37), filed September 4, 2012, and is included in the record before this court as Lodged Document No. 4.

[2] It is common practice of the Tehama County Sheriff's Office to ask the CHP to take over a suspected DUI.

2

subd. (a)), and admitted he had a strike prior (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), a prior felony conviction (Pen. Code, § 667, subd. (a)(1)) and had served a prior prison term (Pen. Code, § 667.5, subd. (b)).

      The trial court sentenced defendant to an aggregate term of 17 years and four months in prison.

Lodged Document 4 at 2-4.

## ANALYSIS

I.    <u>Standards Governing The Availability Of Habeas Relief</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 131 S. Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 225 provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. <u>Stanley v. Cullen</u>, 633 F.3d 852, 859 (9th Cir. 2011) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." <u>Stanley</u>, 633 F.3d at 859 (quoting <u>Maxwell v. Roe</u>, 606 F.3d 561, 567 (9th Cir. 2010)).

3

1    A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003); Early v. Packer, 537 U.S. 3, 7 (2002). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[3] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").

Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc).[4] The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004); Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider

---

[3] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

[4] A different rule applies where the state court rejects claims summarily, without a reasoned opinion. When a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011). This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams,133 S. Ct. 1088, 1091 (2013).

To prevail, a habeas petitioner must establish the applicability of one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional invalidity of his custody under pre-AEDPA standards. Frantz, 533 F.3d at 736. There is no single prescribed order in which these two inquiries must be conducted. Id. at 736-37. The AEDPA does not require the federal habeas court to adopt any one methodology. Lockyer v. Andrade, 538 U.S. 63, 71 (2003).

II. Petitioner's Claims

A. State Trial Court's Denial of Petitioner's *Faretta* Motion

Petitioner first contends that the trial court erred in denying his Faretta motion to represent himself during his criminal trial. The last reasoned state court decision rejecting this claim is the decision of the California Appellate Court for the Third Appellate District on petitioner's direct appeal. In rejecting petitioner's argument the state appellate court stated as follows:

> Defendant contends the trial court erred in denying his request to represent himself. He contends the court erred by improperly basing its decision to deny the *Faretta* motion on the court's perception that defendant lacked the legal skill to represent himself adequately.

On the day set for trial, defendant made a motion to substitute counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Defendant claimed his attorney lied, did not do anything on the case, and had a conflict because he had represented the officer. Defendant indicated that if he could not get another attorney, he was better off representing himself.

After defense counsel responded to and disputed defendant's complaints, the trial court questioned defendant about his knowledge of the applicable law and procedure. Among other things, defendant said he would select a jury by asking the first 12 people if they believed in the Lord Jesus Christ, and he would learn applicable rules of evidence by looking it up on a computer. He said he could not cite a rule of evidence yet because he had not been on the computer, but if he realized mid-trial he did not know how to handle the law, "that would be on me," and he would take full responsibility. Defendant asserted he was better off representing himself than having an attorney who thinks he is guilty. He understood he would be held to the same standard as an attorney and had to follow the court rulings, even if he did not understand them.

The trial court denied defendant's Marsden motion, noting that his trial counsel had handled many jury trials and finding that the quality of defendant's representation by counsel was adequate.

Regarding defendant's *Faretta* request to represent himself, the trial court stated the request must be timely, and making a request two minutes before jury selection was not timely. The court asked counsel if there was any authority to allow a defendant to represent himself when the request was made two minutes before trial. The trial court considered defendant's proclivity to make motions to substitute counsel, and also determined that allowing defendant to represent himself would cause disruption and delay. In addition, the court found defendant had an inability to prepare for trial in a timely fashion and there would be no benefit in a delay because defendant had not shown the ability to become ready. The motion for self-representation, "which is about as untimely as a motion can get," was denied.

Under the Sixth Amendment to the United States Constitution, a criminal defendant has a right to represent himself at trial. (*Faretta*, *supra*, 422 U.S. at p. 819 [45 L.Ed.3d at pp. 572-573]; *People v. Marshall* (1997) 15 Cal.4th 1, 20.) "A trial court must grant a defendant's request for self-representation if three conditions are met. First, the defendant must be mentally competent, and must make his request knowingly and intelligently, having been apprised on the dangers of self-representation. [Citations.] Second, he must make his request unequivocally. [Citations.] Third, he must make his request within a reasonable time before trial. [Citations.]" (*People v. Welch* (1999) 20 Cal.4th 701, 729.) Under the reasonable time requirement, "a defendant should not be permitted to wait until the day preceding trial before he moves to represent himself and requests a continuance in order to prepare for trial without some showing of reasonable cause for the lateness of the request." (*People v. Windham* (1977) 19 Cal.3d 121, 128, fn. 5.)

> A *Faretta* motion made on the eve of trial is untimely. (*People v. Frierson* (1991) 53 Cal.3d 730, 742.) In *People v. Valdez* (2004) 32 Cal.4th 73, the request was made moments before jury selection. The court found it was untimely. (*Id.* at pp. 102-103.) Defendant concedes his Faretta motion, made just before jury selection was to begin, was not timely.
>
> "When a motion for self-representation is not made in a timely fashion prior to trial, self-representation no longer is a matter of right but is subject to the trial court's discretion." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1365.) In exercising such discretion, the court should consider "the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*People v. Windham*, *supra*, 19 Cal.3d at pp. 127-128.)
>
> Here the trial court properly considered these factors. The court considered that trial counsel's representation of defendant was more than adequate and defendant had shown a proclivity to substitute counsel. Although defendant had not requested a continuance, the trial court found there would be delay or disruption if the *Faretta* motion was granted. The court based this conclusion on defendant's lack of preparation and ability to try his case. For example, defendant believed he could find the necessary law on the computer, but he had not done so yet. Regarding jury selection, defendant intended to ask the first 12 jurors about their belief in Jesus Christ. The trial court concluded defendant's lack of readiness would delay and disrupt the trial.
>
> Under the circumstances, the trial court did not abuse its discretion in denying defendant's untimely *Faretta* motion.

Lodged Document 4 at 4-8.

The right to counsel guaranteed by the Sixth Amendment "has been interpreted to encompass 'an independent constitutional right' of the accused to represent himself at trial, and thus waive the right to counsel." Stenson v. Lambert, 504 F.3d 873, 882 (9th Cir. 2007) (quoting Faretta v. California, 422 U.S. 806 (1975)). In Faretta, the United States Supreme Court held that a criminal defendant has a constitutional right to proceed pro se. A waiver of the right to counsel must be "knowing, voluntary, and intelligent." Iowa v. Tovar, 541 U.S. 77, 87–88 (2004).

Subsequent to Faretta, the Ninth Circuit Court of Appeals held that to preserve the right to self-representation, a defendant must make a timely and unequivocal request which is not a tactic to secure delay. Armant v. Marquez, 772 F. 2d 552, 555 (9th Cir.

1985); see also Sandoval v. Calderon, 241 F.3d 765, 774 (9th Cir. 2000).  In Moore v. Calderon,[5] the Ninth Circuit "determined that a timeliness element in a Faretta request is 'clearly established Federal law, as determined by the Supreme Court.'"  Marshall v. Taylor, 395 F.3d 1058, 1062 (9th Cir. 2005) (quoting Moore, 108 F.3d at 265).  However, the Ninth Circuit also found that the "precise contours of that element" are not yet "clearly established" by Supreme Court precedent.  Marshall, 395 F.3d at 1062.  In Marshall, the court reasoned that because "the Supreme Court incorporated the facts of Faretta into its holding[,] . . . [a]t most, we know that Faretta requests made 'weeks before trial' are timely."  Id.  Accordingly, "[b]ecause the Supreme Court has not clearly established when a Faretta request is untimely, other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely."  Id. (citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

     Here, petitioner submitted his Faretta motion to the state trial court a couple of minutes prior to the commencement of his jury trial.  See Lodged Document 8 at 30 (Reporter's Transcript on Appeal).  In holding that the trial court did not abuse its discretion in denying the motion, the California Court of Appeal for the Third Appellate District determined that petitioner's motion failed to comport with the state's timeliness requirement under People v. Windham, 19 Cal.3d 121 (1977).[6]  In Marshall, supra, the Ninth Circuit held that a California state appellate court's denial of a Faretta claim as untimely under the Windham standard "clearly comport[ed] with Supreme Court precedent" when the petitioner had made his Faretta request on the morning his criminal trial was scheduled to begin.  Marshall, 395 F.3d 1061.  The state appellate court's denial of petitioner's Faretta claim in the present case cannot have constituted an unreasonable application of clearly established Supreme Court precedent because, like the petitioner in

---

[5] 108 F.3d 261, 265 (9th Cir.1997), abrogated on other grounds by Williams v. Taylor, 529 U.S. 362 (2000)), as recognized by Baker v. City of Blaine, 221 F.3d 1108, 1110 n. 2 (9th Cir. 2000).

[6] In Windham, the California Supreme Court held that a Faretta motion must be made a "reasonable time prior to the commencement of trial."  19 Cal.3d at 127-28.

Marshall, petitioner here filed his motion on the day his criminal trial began and not "weeks before trial" as in Faretta. Accordingly, petitioner's Faretta claim is denied.

### B. Sufficiency of the Evidence Regarding Petitioner's Conviction for Resisting Arrest

Petitioner's second claim for habeas relief is that the there was insufficient evidence introduced during his criminal trial to find him guilty of resisting, delaying, or obstructing Officer Ferguson beyond a reasonable doubt under California Penal Code section 148. The last reasoned state court decision rejecting this argument is the decision of the California Appellate Court for the Third Appellate District on petitioner's direct appeal. In rejecting petitioner's argument the state appellate court stated as follows:

> Defendant also contends there was insufficient evidence to support his conviction for resisting a peace officer. Count VI charged defendant with a violation of Penal Code section 148, alleging defendant "did willfully and unlawfully resist, delay and obstruct Officer Ferguson" when the officer was engaged in the performance of his duties. Defendant contends there was no evidence he resisted the efforts of CHP Officer Ferguson to arrest him. Defendant asserts he had left, or at least was a "cloud of dust," when Officer Ferguson arrived at the scene, and that when Ferguson caught up to defendant and commanded him to stop, defendant complied with the order.
>
> When a criminal conviction is challenged on the basis of insufficient evidence, "the court must review the whole record in light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)
>
> "The legal elements of a violation of section 148, subdivision (a) are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties. [Citation.]" (*People v. Simons* (1996) 42 Cal.App.4th 1100, 1108-1109.) Fleeing an officer who is attempting to lawfully detain defendant violates Penal Code section 148. (*People v. Allen* (1980) 109 Cal.App.3d 981, 985-986.)
>
> Defendant was already fleeing the police when the CHP arrived. The deputy sheriffs did not immediately follow, but Officer Ferguson activated the lights and siren on the CHP vehicle and pursued defendant down Mariposa. Rather than stop in response to this pursuit, defendant continued to flee. He left

9

> his car, ran to a yard, and began to climb a fence. These actions provide sufficient evidence of a violation of Penal Code section 148. (*People v. Allen*, *supra*, 109 Cal.App.3d at pp. 985-986.)

Lodged Document 4 at 8-10.

The Due Process Clause of the Fourteenth Amendment protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. In re Winship, 397 U.S. 358, 364 (1970). On habeas corpus review, sufficient evidence supports a conviction so long as, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Prantil v. California, 843 F.2d 314, 316 (9th Cir. 1988) (per curiam).

The Jackson standard is applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." Davis v. Woodford, 384 F.3d 628, 639 (9th Cir. 2004) (quoting Jackson, 443 U.S. at 319.) The dispositive question is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Chein v. Shumsky, 373 F.3d 978, 982 (9th Cir. 2004) (quoting Jackson, 443 U.S. at 318). Under the AEDPA, this standard is applied with an additional layer of deference. Juan H. v. Allen, 408 F.3d 1262, 1274-75 (9th Cir. 2005). This court must ask "whether the decision of the California Court of Appeal reflected an 'unreasonable application of' Jackson and Winship to the facts of this case." Id. (citing 28 U.S.C. § 2254(d)(1)).

A court reviews the entire record when the sufficiency of the evidence is challenged on habeas corpus. Adamson v. Ricketts, 758 F.2d 441, 448 n.11 (9th Cir. 1985), *vacated on other grounds*, 789 F.2d 722 (9th Cir. 1986) (en banc), *rev'd*, 483 U.S. 1 (1987). It is the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. If the trier of fact could draw conflicting inferences from the evidence, the court in its review will assign the inference that favors conviction. McMillan v. Gomez, 19 F.3d 465, 469 (9th Cir. 1994). The inquiry of focus is not whether the evidence excludes every hypothesis except guilt, but rather, whether the

jury could reasonably arrive at its verdict. United States v. Mares, 940 F.2d 455, 458 (9th Cir. 1991).

Petitioner argues, as he did in state court, that he could not have "resisted, delayed, or obstructed" Officer Ferguson because the evidence established that he had already "fled" by the time Officer Ferguson had entered the pursuit and was fleeing from Officer Lovelady, for which petitioner was convicted of in a separate charge. Petitioner does not argue that the state court based its decision on an erroneous determination of the facts. Rather, the essence of petitioner's argument is that the state court incorrectly interpreted and applied the provisions of Penal Code section 148 to the facts of his case. However, any claim that the state court misapplied state law is not cognizable in a federal habeas action. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for errors of state law). This court is bound by the state court's interpretation of California state law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). "A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process." Liggins v. McDonald, 2:11-CV-2336-JKS, 2013 WL 5587554 (E.D. Cal. Oct. 10, 2013); Rivera v. Illinois, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process.") (quoting Engle v. Isaac, 456 U.S. 107, 121, n. 21 (1982) and Estelle, 502 U.S.at 67, 72-73); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991) ("[T]he issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point.").

The state appellate court interpreted section 148 and the California cases construing its provisions to find that the facts of petitioner's case supported a conviction under that statute. This court is bound by the state court's interpretation of section 148. For this reason, petitioner's claim that there was insufficient evidence to convict him under California Penal Code section 148 is denied.

11

III. <u>Evidentiary Hearing</u>

Petitioner requests in his petition that the court hold an evidentiary hearing regarding both of his claims so that he may further develop the record and substantiate his assertions of fact. Petition (ECF No. 6) at 6. In <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388 (2011), the United State Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Id.</u> at 1398. Here, the state appeals court addressed both of petitioner's claims on the merits. The court is bound to the record that was before that state court. Accordingly, petitioner's request for an evidentiary hearing is denied.

## CONCLUSION

For all of the reasons set forth above, petitioner's application for a writ of habeas corpus is denied. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in this order, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is DENIED;
2. Petitioner's request for an evidentiary hearing is DENIED;
3. No certificate of appealability will issue; and

////

////

////

4. The Clerk is directed to close this case.

DATED: February 18, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE